# EXHIBIT 2

# CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
### (Other than Domestic Relations)

In the Circuit Court, WAYNE _____ County, West Virginia

## I. CASE STYLE:

**Plaintiff(s)**

Brandy S. Hayton c/o Klein & Sheridan, LC

3566 Teays Valley Road

Hurricane, WV 25526

**vs.**

**Defendant(s)** Midland Funding LLC

Corporation System Company, 209 Washington
**Street**

Charleston, WV 25302

City, State, Zip

Case # 16-C-025

Judge: Young

| | Days to Answer | Type of Service |
|---|---|---|
| | 30 | SOS |
| Street | | |
| City, State, Zip | 30 | SOS |
| Street | | |
| City, State, Zip | 30 | SOS |
| Street | | |
| City, State, Zip | 30 | SOS |

Original and _____ copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2

Atty
Pd. 25.⁰⁰ to sec. State w/ copies mailed as requested
Pd. 200.⁰⁰ Filing Fee

| PLAINTIFF: Brandy S. Hayton | CASE NUMBER: |
| DEFENDANT: Midlan Funding LLC | |

United Bank, Inc., Bert Wolfe Ford, Inc.

**II. TYPE OF CASE:**

- ☑ General Civil
- ☐ Mass Litigation
  (As defined in T.C.R. Rule XIX (c))

  - ☐ Asbestos
  - ☐ Carpal Tunnel Syndrome
  - ☐ Diet Drugs
  - ☐ Environmental
  - ☐ Industrial Hearing Loss
  - ☐ Silicone Implants
  - ☐ Other: _____

- ☐ Adoption
- ☐ Administrative Agency Appeal
- ☐ Civil Appeal from Magistrate Court
- ☐ Miscellaneous Civil Petition
- ☐ Mental Hygiene
- ☐ Guardianship
- ☐ Medical Malpractice

- ☐ Habeas Corpus/Other Extraordinary Writ
- ☐ Other: _____

**III. JURY DEMAND:** ☑ Yes  ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): _____ / _____

**IV.** DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? ☐ YES ☑ NO

IF YES, PLEASE SPECIFY:

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: _____

Attorney Name: Daniel K. Armstrong

Firm: KLEIN & SHERIDAN, LC

Address: 3566 Teays Valley Road Hurricane

Telephone: 304-562-7111

Dated: _____

*Representing:*
- ☑ Plaintiff  ☐ Defendant
- ☐ Cross-Complainant ☐ Cross-Defendant

_____
Signature

☐ Proceeding Without an Attorney

SCA-C100.02 / 2 of 2

FILED
CIRCUIT CLERK'S OFFICE

**IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA**

2016 FEB 16  AM 8: 51

WAYNE COUNTY, WV

BY_____

**BRANDY S. HAYTON**
**Plaintiff,**

**Case Number:** 16- C-025

**Judge:** Young

v.

**MIDLAND FUNDING LLC,**
**A Delaware company,**
        **Defendants.**

<u>**COMPLAINT**</u>

Comes now BRANDY S. HAYTON, Plaintiff, by counsel Daniel K. Armstrong, Esq. of

Klein & Sheridan LC and pursuant to W. Va. Code §46A-1-101 *et seq.* and represents to

the court that:

1) Your Plaintiff, BRANDY S. HAYTON, at all times relevant to this action and
   at the present is a resident of Wayne County, West Virginia.

2) Your Plaintiff is a person who falls under the protection of Article 6 of the
   *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and
   is entitled to the remedies set forth in Article 5 of the WVCCPA.

3) The Defendant, MIDLAND FUNDING (hereinafter MIDLAND) is an entity
   having its principal offices in a state other than West Virginia and which does
   business in West Virginia.

4) The Defendant MIDLAND debt collector, as defined under Article 2 of the
   *West Virginia Fair Debt Collections Practices* Act and having a principle
   office at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

<u>**COUNT I**</u>

1

## *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

5) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

6) The Defendants violated the West Virginia Consumer Credit and Protection Act § 46A-2-124 by the unfair act attempting to coerce plaintiff to pay on this debt when she had previously informed MIDLAND that she disputed the amount.

7) The Plaintiff suffered damages in the loss of ability to obtain credit.

## COUNT II

## *FRAUDULENT, DECEPTIVE OR MISLEADING REPRESENTATIONS*

8) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

9) MIDLAND contacted plaintiff on numerous occasions between January 2012 through February 2014.

10) Plaintiff repeatedly, verbally disputed this debt with MIDLAND.

11) MIDLAND did not respond with a notice of investigation or actually conduct such an investigation.

12) MIDLAND's willful refusal to comply with the Fair Credit Reporting Act was deceptive to Plaintiff.

13) MIDLAND misidentified itself as the legal obligor to defraud Plaintiff.

14) Plaintiff suffered damages in the loss of ability to obtain credit, increased interest charges

2

## COUNT III

### *OPPRESSION AND ABUSE*

15) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

16) The Defendant unreasonably oppressed and abused the Plaintiff in connection with the collection of or attempt to collect a claim alleged to be due and owing by:

    a.  Engaging Plaintiff in telephone conversation without disclosure of the caller's identity; and

    b.  Calling Plaintiff with the intent of annoy, abuse, oppress and threaten Plaintiff after Plaintiff had told Defendant to cease calling and that the debt was disputed.

17) As a result of Defendant's actions, Plaintiff was annoyed, abused, inconvenienced and bothered.

## COUNT IV

### *UNFAIR OR UNCONSCIONABLE MEANS*

18) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

19) Defendant used unfair or unconscionable means to collect or attempt to collect on this claim by:

    a.  attempt to collect on debt that was not due and owing to the defendant when Plaintiff was repeatedly told that the debt was in dispute.

3

b. Not conducting an investigation as to the validity of the debt.

c. Continuing to report the disputed debt on Plaintiff's credit report.

d. Continuing to collect on the debt on without resolving the dispute.

20)   As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### *NEGLIGENCE*

21) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

22) Defendant negligently failed to conduct an investigation of the validity of the debt as required under 15 USC §§1681s-2(b)(20, 1681I(A)(10) of the Credit Reporting Act.

23) Had even the simplest of investigations been done, then Defendant would have seen the double entry error and should have deleted the disputed information.

24) As a result of the Defendant's actions, Plaintiff has been denied access to credit or had to pay higher interest rates.

## COUNT VI

### *COMMON LAW DEFAMATION*

25) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

26) The Defendant, by failing to delete the disputed debt as required under 15 USC §§1681s-2(b)(20, 1681I(A)(10) has allowed information to pass on the Plaintiff's credit report for many years that is inaccurate.

27) This false information was transmitted to third parties through the Plaintiff's credit report.

28) As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

29) As a result of the Defendant's actions, Plaintiff has been forced to pay higher interest rates on purchases.

30) As a result of the Defendant's actions, Plaintiff reputation has suffered unnecessary harm.

## **DEMAND FOR RELIEF**

Plaintiff demands from the Defendant:

a. Actual damages for the violations of the WVCCPA as authorized by West Virginia Code '46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b. Statutory damages in the maximum amount authorized by West Virginia Code 46A-5-101(1) as adjusted for inflation pursuant to West Virginia Code '46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint.

c. Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to West Virginia Code '46A-5-104;

d. The Plaintiff be granted general damages and punitive damages for Defendant's conduct alleged in Counts V and VI;

e. Such other relief as the Court shall deem meet and proper under the attendant circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL TRIABLE ISSUES**

**Ms. Brandy Hayton**
**BY COUNSEL**

BY: _____

Daniel K. Armstrong (#11520)
Benjamin M. Sheridan (# 11296)
Mitchell Lee Klein (#2071)
*Counsel for Plaintiff*
Klein & Sheridan LC
Clyffeside Professional Building
3566 Teays Valley Rd
Hurricane, WV 25526
Phone: (304) 562-7111
Fax: (304) 562-7115
Email: daniel@ksgwv.com

6

SCANNED

IN THE CIRCUIT COURT OF Wayne COUNTY, WEST VIRGINIA

PLAINTIFF,

CIVIL ACTION NO.

DEFENDANT.

FILED
CIRCUIT CLERK'S OFFICE
WAYNE COUNTY, WV
2016 FEB 16 AM 8: 51
BY

## STIPULATION OF PLAINTIFF AND ATTORNEYS FOR PLAINTIFF

Plaintiff(s) and Attorneys for Plaintiff(s) agree to be bound by the following stipulation: so long as this case remains in West Virginia Circuit Court or an Article III Court, the Plaintiff shall neither seek nor accept an amount greater than $75,000.00 in this case, including any award of attorney's fees and equitable relief, but excluding interest and costs. This stipulation has no application, force, or enforceability in an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding.

_____
Plaintiff

_____
Plaintiff

_____
Benjamin Sheridan (WV Bar #112905) 11570
Daniel Il Hros Counsel for Plaintiff

STATE OF WEST VIRGINIA,
COUNTY OF _Cabell_____, TO WIT:

The foregoing instrument was acknowledged before the undersigned authority by
_Brandy Hayton_ on this the _14th_ day of _January_, 2016

_____
NOTARY PUBLIC

My commission expires:
_August 3, 2017_

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Shelly R. Estep
Nelson Mullins Riley & Scarborough LLP
Post Office Box 1856
Huntington, WV 25719
My Commission Expires Aug. 3, 2017

Page 1 of 1

## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

**Brandy Hayton**
    **Plaintiff,**

**vs.**

                                                Case No. *16-C- 025*

**Midland Funding LLC**
    **Defendant.**

### CERTIFICATE OF SERVICE

    I, Daniel Armstrong, attorney for the Plaintiff, certify that I served a true copy of the foregoing **Complaint, Summons, Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and Stipulation** on the Defendant listed at the address(s) below by WAYNE county clerk via the West Virginia Sectary of State as agent for service of process of an out-of-state corporation at the Defendant's address as listed below on this _8_ day of _February_, 2016.

Midland Funding LLC
Corporation Service Company
209 West Washington Street
Charleston, WV  25302


BY:_____
Daniel Armstrong (# 11296)
Counsel for Plaintiff
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111

**IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA**

FILED

Brandy Hayton
    Plaintiff,

16 FEB 16 AM 9: 15

WAYNE COUNTY, WV

BY_____

vs.

Case No. 16 - C - 025
Young

Midland Funding LLC
    Defendant.

## SUMMONS

To the above-named DEFENDANT:      Midland Funding LLC
                                    Corporation Service Company
                                    209 West Washington Street
                                    Charleston, WV 25302

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are

required to serve upon **Daniel Armstrong, Plaintiff's attorney,** whose address is: **Klein &**

**Sheridan, LC, 3566 Teays Valley Road, Hurricane, WV 25526,** an answer, including any

related counterclaim, or any other claim you may have to the complaint filed against you in the

above-styled civil action, a true copy of which is herewith delivered to you. You are required to

serve your answer within **thirty (30)** days after service of this summons upon you, exclusive of

the date of service. If discovery is attached, you are further required to file a response to attached

discovery within **forty-five (45)** of the service of this summons upon you, exclusive of the date

of service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action any

claim you may have which must be asserted by counterclaim, or any other claim in the above-

styled action.

DATED:   2·16·16 2016

                                         Milton J Ferguson
                                         Clerk of Court



**Klein & Sheridan** LC
Clyffeside Professional Building
3566 Teays Valley Rd
Hurricane, WV 25526
Phone: (304) 562-7111

February 9, 2016

Wayne County Circuit Clerk
PO Box 38
Wayne, WV 25570

RE: Hayton v. Midland Funding LLC

*16-C-025*
*young*

Dear Milton J. Ferguson,

Please find enclosed a Complaint and pleadings that we wish to file. Also, once the pleadings are filed and stamped, can you please return a stamped copy of the Complaint to our attached address?

Thank you,

Lindsay Morris



## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

Brandy Hayton,

              **PLAINTIFF,**

                                      16C-025

                      **CIVIL ACTION NO.**

Midland Funding LLC,

              **DEFENDANT.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

### *Request for Production of Documents*

1.    Please produce all records of any telephone calls placed by or on behalf of Defendant to the Plaintiff during the forty-eight months preceding the filing of this lawsuit. (Note: The word "placed" as used in this interrogatory, means caused a telephone to ring, regardless of whether the call was answered):

    **RESPONSE:**

2.    Please produce all records of incoming telephone calls or letters associated with Plaintiff's account.

    **RESPONSE:**

3.    If the Defendant asserts the defense set forth in *West Virginia Code* §46A-5-101(8), that any violation of *West Virginia Consumer Credit and Protection Act* was unintentional or the

result of a *bona fide* error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, please produce the following:

    a.  Any document outlining the maintenance of such procedures;

    b.  Any document relating to the implementation of such procedures;

    c.  Any document relating to the training of persons employed to make collection calls to consumers in West Virginia pursuant to such procedure; and

    d.  Any document relating to ensuring compliance by Defendant's employees with such procedure.

**RESPONSE:**

4.    Please produce all written communications and copies of any e-mail communications relating to Plaintiff's account.

**RESPONSE:**

5.    Please produce all recordings of conversations between the Plaintiff's counsel and employees or agents of the Defendant.

**RESPONSE:**

6.    Please produce the contract or agreement between the Defendant and any third party, contractor or subcontractor which made or received any telephone calls relating to Plaintiff's account.   Please also state whether the telephone call was placed by a human being

or a computer and whether or not a human being was available on the other end of the call to speak with Plaintiff immediately upon connection with the Plaintiff.

**RESPONSE:**

7.     Please produce the contract, contracts, or written agreements with any third party collection agency and/or independent contractors which communicated or attempted to communicate with the Plaintiff in relation to the Plaintiff's obligation to Defendant.

**RESPONSE:**

8.     Produce any and all documents with any collection agent (third party or otherwise) and/or independent contractor relating to the Plaintiff's account for the last three (3) years.

**RESPONSE:**

9.     Please produce any all recordings between the Defendant and Plaintiff.

**RESPONSE:**

10.     Please produce any contracts, agreements, or other memorandum which the Defendant contends represent a contractor or agreement between the Plaintiff and the Defendant or the Defendant's principle resulting in a debt obligation owed by the Plaintiff to the Defendant or the Defendant's principle.

**RESPONSE:**

11.   Please produce any documents in the Defendant's possession which bears or purports to bear, or the Defendant has any reasonable basis to believe may contain the Plaintiff's signature.

     **RESPONSE**:

12.   Please produce any documents the Defendant intends to produce at trial.

     **RESPONSE**:

### *Interrogatories*

1.   For the period beginning two years prior to the filing of this suit, list each telephone call placed by or on behalf of Defendant to Plaintiff or any telephone number the Defendant has associated with the Plaintiff in its records, or any telephone call by or on behalf of Plaintiff to Defendant, and as to each such call provide the following data:   (Note: The word "placed," as used in this interrogatory, means caused a telephone to ring, regardless of whether the call was answered):

     a.   The date and time such call was placed or received (please indicate the time zone and/or the differential in time between the time stated and Eastern Standard Time);

     b.   The duration of such telephone call in seconds;

     c.   Whether such phone call made by Defendant to Plaintiff was placed by computer or a person.   If placed by a person, indicate the full name of such person and his or

her employee ID or code as it would appear on entries made upon any record of such telephone calls or conversations;

d.  A verbatim recitation of any note or account created with respect to each call and, if shorthand abbreviations or code is used in such verbatim recitation, please provide the actual words or meanings indicated by the shorthand, code or abbreviations;

e.  Whether such telephone call was recorded, and if so, whether the recording still exists; and

f.  If the telephone call was recorded, but the recording of such telephone call no longer exists, state when the recording was erased or destroyed, why it was erased or destroyed, and by whom.

**[Please note that the three presiding judges in the 10th Judicial Circuit have ruled that a reference to business records in lieu of a narrative response to this interrogatory is not appropriate under WVRCP 33(d) "Option to Produce Business Records" as the burden of deriving or ascertaining the answer from such records is not substantially the same for the Plaintiff as for the Defendant.]**

**RESPONSE:**

2.  If this Defendant asserts the defense set forth in *West Virginia Code* §46A-5-101(8), that any violation of the *West Virginia Consumer Credit and Protection Act* was unintentional or the result of a *bona fide* error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error, please provide the following:

a. State the substance of every such procedure;

b. The date or dates such procedure was implemented;

c. State how Defendant ensures that its employees placing phone calls to consumers in West Virginia understand and follow all such procedures;

d. Identify by date, agent or employee, and action, each possible unintentional violation of the *West Virginia Consumer Credit and Protection Act* in Defendant's dealings with Plaintiff;

e. Explain how such unintentional violation occurred, notwithstanding the maintenance of procedures reasonably adapted to avoid such unintentional violation;

f. Identify by date, agent or employee, and fact, each violation of *the West Virginia Consumer Credit and Protection Act* in Defendant's dealings with Plaintiff which was the result of a bona fide error of fact; and

g. Explain how such bona fide error of fact occurred, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**RESPONSE:**

3. On what date or dates, by what means, and to what agents or employees of Defendant did it appear that Plaintiff was represented by an attorney.

**RESPONSE:**

4.     Does the Defendant have any recordings of conversations between its employees and Plaintiff or Plaintiff's counsel?   If so, please identify by date and time all such recorded conversations.

**RESPONSE:**

5.     Did this Defendant assert the *bona fide* error defense set forth in *West Virginia Code* §46A-5-101(8) in any other litigation in a West Virginia state court or a West Virginia federal court in the last five years?   If so, provide:

     a.  The style of the case;

     b.  The case number; and

     c.  Describe the document in which such defense was asserted.

**RESPONSE:**

6.     With respect to each telephone call made to Plaintiff's telephone, please indicate whether such call was placed by an employee of the Defendant, or by another person or entity. If such call was placed by any person or entity other than an employee of the Defendant, identify such person or entity.

**RESPONSE:**

7.     Identify by style of the case, case number and jurisdiction any claims filed in state or federal court against this Defendant which allege violation of *West Virginia Code*

§46A-2-123, *West Virginia Code* §46A-2-124, *West Virginia Code* §46A-2-125, *West Virginia Code* §46A-2-126, *West Virginia Code* §46A-2-127 or *West Virginia Code* §46A-2-128.

**RESPONSE:**

8.   State the names and addresses of all supervisory personnel who controlled the employees who communicated or attempted to communicate with the Plaintiff and indicate the names of each employee and their corresponding supervisor(s).

**RESPONSE:**

9.   Please indicate whether any third party collection agency and/or independent contractors were used in the collection of this/these accounts in the last three (3) years. If such debt collector and/or independent contractors were used please provide the name, address and date said debt collection agency and/or independent contractor was used.

**RESPONSE:**

10.   If the Answer to the preceding Interrogatory was in the affirmative, please provide the names and home/mailing addresses of all employees of such debt collection agency and/or independent contractor, past and present, supervisory or non-supervisory, who communicated with the Plaintiff directly or indirectly.

**RESPONSE:**

11.   Please identify, by date and parties thereto, any contract, contracts, or written agreement(s) with any debt collection agency and/or independent contractor that communicated either directly or indirectly with the Plaintiff and/or supervised such communication and

a.  indicate the page and/or paragraph of such document which requires compliance with West Virginia law in the collection of debts, and

b.  indicate the page and/or paragraph of such document that may relate to such entity's duty to defend or indemnify the Defendant.

**RESPONSE:**


12.   Please provide all telephone numbers that the Defendant has used to call the Plaintiff or anyone the Defendant has a reasonable basis to believe was residing with the Plaintiff at any time during the four years preceding the filing of this lawsuit.   Please include in your response the identify of the telephone company the Defendant has or had that number with and the Defendant's account number with that telephone company.

**RESPONSE:**


13.   Please identify with specificity, any documents that the Defendant believes will require a protective order for production, and the reason for said protective order for each document so identified.

**RESPONSE:**

14.   Please disclose the fax number for your principle place of business.

**RESPONSE:**


                                          **BRIAN & BRANDY HAYTON,**

                                          BY COUNSEL


BY: _____
     Daniel Armstrong (WV Bar #11296)
     *Counsel for Plaintiff*
     Klein & Sheridan, LC
     3566 Teays Valley Road
     Hurricane, WV   25526
     (304) 562-7111

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

SCANNED

FILED
CIRCUIT CLERK'S OFFICE

2016 FEB 26   AM 10: 27

WAYNE COUNTY, WV

BY_____

**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone:  304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

Jamie Ferguson
Wayne County Courthouse
P.O. Box 38
Wayne, WV 25570-0038

**Control Number:** 92113

**Defendant:** MIDLAND FUNDING LLC
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company

**County:** Wayne

**Civil Action:** 16-C-25

**Certified Number:** 92148901125134100000976056

**Service Date:** 2/18/2016

I am enclosing:

**1 interrogatories, 1 stipulation, 1 request for production, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

**Brandy Hayton**
       **Plaintiff,**

**vs.**                                                          Case No. 16-C-025

**Midland Funding LLC**
       **Defendant.**

### SUMMONS

To the above-named DEFENDANT:          Midland Funding LLC
                                                              Corporation Service Company
                                                              209 West Washington Street
                                                              Charleston, WV 25302

IN THE NAME OF THE STATE OF WEST VIRGINIA: you are hereby summoned and are

required to serve upon **Daniel Armstrong, Plaintiff's attorney,** whose address is: **Klein &**

**Sheridan, LC, 3566 Teays Valley Road, Hurricane, WV 25526,** an answer, including any

related counterclaim, or any other claim you may have to the complaint filed against you in the

above-styled civil action, a true copy of which is herewith delivered to you. You are required to

serve your answer within **thirty (30)** days after service of this summons upon you, exclusive of

the date of service. If discovery is attached, you are further required to file a response to attached

discovery within **forty-five (45)** of the service of this summons upon you, exclusive of the date

of service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action any

claim you may have which must be asserted by counterclaim, or any other claim in the above-

styled action.

DATED: _2·16_____, 2016

                                        _Milton J. Ferguson_____
                                                       Clerk of Court

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
### (Other than Domestic Relations)

In the Circuit Court, _WAYNE_____ County, West Virginia

---

## I. CASE STYLE:

**Plaintiff(s)**

Brandy S. Hayton c/o Klein & Sheridan, LC

3566 Teays Valley Road

Hurricane, WV 25526

**vs.**

**Defendant(s)** Midland Funding LLC

Corporation System Company, 209 Washington
         **Street**
Charleston, WV 25302
         **City, State, Zip**

Case # __16 - C - 025___

Judge: _____Young_____

FILED
CIRCUIT CLERK'S OFFICE
2016 FEB 16 AM 8:51
WAYNE COUNTY, WV

| | Days to Answer | Type of Service |
|---|---|---|
| | 30 | SOS |

_____

**Street**

**City, State, Zip**

30    SOS

_____

**Street**

**City, State, Zip**

30    SOS

_____

**Street**

**City, State, Zip**

30    SOS

Original and _____ copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2

| PLAINTIFF: Brandy S. Hayton<br>DEFENDANT: Midlan Funding LLC | CASE NUMBER: |
|---|---|

United Bank, Inc., Bert Wolfe Ford, Inc.

II. TYPE OF CASE:

☑ General Civil        ☐ Adoption

☐ Mass Litigation        ☐ Administrative Agency Appeal
(As defined in T.C.R. Rule XIX (c))
                         ☐ Civil Appeal from Magistrate Court

      ☐ Asbestos               ☐ Miscellaneous Civil Petition
      ☐ Carpal Tunnel Syndrome
      ☐ Diet Drugs
      ☐ Environmental           ☐ Mental Hygiene
      ☐ Industrial Hearing Loss
      ☐ Silicone Implants        ☐ Guardianship
      ☐ Other: _____
                         ☐ Medical Malpractice

☐ Habeas Corpus/Other Extraordinary Writ

☐ Other: _____

III. JURY DEMAND: ☑ Yes ☐ No

     CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): _____/_____

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? ☐ YES
☑ NO
     IF YES, PLEASE SPECIFY:

      ☐ Wheelchair accessible hearing room and other facilities
      ☐ Interpreter or other auxiliary aid for the hearing impaired
      ☐ Reader or other auxiliary aid for the visually impaired
      ☐ Spokesperson or other auxiliary aid for the speech impaired
      ☐ Other:_____

Attorney Name: Daniel K. Armstrong
Firm: KLEIN & SHERIDAN, LC
Address: 3566 Teays Valley Road Hurricap
Telephone: 304-562-7111
Dated:_____

Representing:
☑ Plaintiff    ☐ Defendant
☐ Cross-Complainant ☐ Cross-Defendant

_____
Signature

☐ Proceeding Without an Attorney

## IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

**Brandy Hayton**
    **Plaintiff,**

**vs.**                                       **Case No.**

**Midland Funding LLC**
    **Defendant.**

### CERTIFICATE OF SERVICE

I, Daniel Armstrong, attorney for the Plaintiff, certify that I served a true copy of the foregoing **Complaint, Summons, Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and Stipulation** on the Defendant listed at the address(s) below by WAYNE county clerk via the West Virginia Sectary of State as agent for service of process of an out-of-state corporation at the Defendant's address as listed below on this _8_ day of _February_____, 2016.

Midland Funding LLC
Corporation Service Company
209 West Washington Street
Charleston, WV 25302

BY: _____
Daniel Armstrong (# 11296)
Counsel for Plaintiff
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111

FILED

# IN THE CIRCUIT COURT OF WAYNE COUNTY, WEST VIRGINIA

16 FEB 16  AM 9: 24

WAYNE COUNTY WV

BY_____

**BRANDY S. HAYTON**
**Plaintiff,**

**Case Number:** 16-C-025

**Judge:** Young

v.

**MIDLAND FUNDING LLC,**
**A Delaware company,**
**Defendants.**

## COMPLAINT

Comes now BRANDY S. HAYTON, Plaintiff, by counsel Daniel K. Armstrong, Esq. of

Klein & Sheridan LC and pursuant to W. Va. Code §46A-1-101 *et seq.* and represents to

the court that:

1) Your Plaintiff, BRANDY S. HAYTON, at all times relevant to this action and

   at the present is a resident of Wayne County, West Virginia.

2) Your Plaintiff is a person who falls under the protection of Article 6 of the

   *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and

   is entitled to the remedies set forth in Article 5 of the WVCCPA.

3) The Defendant, MIDLAND FUNDING (hereinafter MIDLAND) is an entity

   having its principal offices in a state other than West Virginia and which does

   business in West Virginia.

4) The Defendant MIDLAND debt collector, as defined under Article 2 of the

   *West Virginia Fair Debt Collections Practices* Act and having a principle

   office at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

## COUNT I

1

## *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

5) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

6) The Defendants violated the West Virginia Consumer Credit and Protection Act § 46A-2-124 by the unfair act attempting to coerce plaintiff to pay on this debt when she had previously informed MIDLAND that she disputed the amount.

7) The Plaintiff suffered damages in the loss of ability to obtain credit.

## COUNT II

## *FRAUDULENT, DECEPTIVE OR MISLEADING REPRESENTATIONS*

8) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

9) MIDLAND contacted plaintiff on numerous occasions between January 2012 through February 2014.

10) Plaintiff repeatedly, verbally disputed this debt with MIDLAND.

11) MIDLAND did not respond with a notice of investigation or actually conduct such an investigation.

12) MIDLAND's willful refusal to comply with the Fair Credit Reporting Act was deceptive to Plaintiff.

13) MIDLAND misidentified itself as the legal obligor to defraud Plaintiff.

14) Plaintiff suffered damages in the loss of ability to obtain credit, increased interest charges

2

## COUNT III

### *OPPRESSION AND ABUSE*

15) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

16) The Defendant unreasonably oppressed and abused the Plaintiff in connection with the collection of or attempt to collect a claim alleged to be due and owing by:

    a.  Engaging Plaintiff in telephone conversation without disclosure of the caller's identity; and

    b.  Calling Plaintiff with the intent of annoy, abuse, oppress and threaten Plaintiff after Plaintiff had told Defendant to cease calling and that the debt was disputed.

17) As a result of Defendant's actions, Plaintiff was annoyed, abused, inconvenienced and bothered.

## COUNT IV

### *UNFAIR OR UNCONSCIONABLE MEANS*

18) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

19) Defendant used unfair or unconscionable means to collect or attempt to collect on this claim by:

    a.  attempt to collect on debt that was not due and owing to the defendant when Plaintiff was repeatedly told that the debt was in dispute.

3

    b. Not conducting an investigation as to the validity of the debt.

    c. Continuing to report the disputed debt on Plaintiff's credit report.

    d. Continuing to collect on the debt on without resolving the dispute.

20)     As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### *NEGLIGENCE*

21) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

22) Defendant negligently failed to conduct an investigation of the validity of the debt as required under 15 USC §§1681s-2(b)(20, 1681I(A)(10) of the Credit Reporting Act.

23) Had even the simplest of investigations been done, then Defendant would have seen the double entry error and should have deleted the disputed information.

24) As a result of the Defendant's actions, Plaintiff has been denied access to credit or had to pay higher interest rates.

## COUNT VI

### *COMMON LAW DEFAMATION*

25) The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

2012-00918      Wayne County Circuit Court      Hon. _____

26) The Defendant, by failing to delete the disputed debt as required under 15 USC §§1681s-2(b)(20, 1681I(A)(10) has allowed information to pass on the Plaintiff's credit report for many years that is inaccurate.

27) This false information was transmitted to third parties through the Plaintiff's credit report.

28) As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

29) As a result of the Defendant's actions, Plaintiff has been forced to pay higher interest rates on purchases.

30) As a result of the Defendant's actions, Plaintiff reputation has suffered unnecessary harm.

## **DEMAND FOR RELIEF**

Plaintiff demands from the Defendant:

a. Actual damages for the violations of the WVCCPA as authorized by West Virginia Code '46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b. Statutory damages in the maximum amount authorized by West Virginia Code 46A-5-101(1) as adjusted for inflation pursuant to West Virginia Code '46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint.

c. Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to West Virginia Code '46A-5-104;

2012-00918                    Wayne County Circuit Court                    Hon. _____

d. The Plaintiff be granted general damages and punitive damages for

Defendant's conduct alleged in Counts V and VI;

e. Such other relief as the Court shall deem meet and proper under the

attendant circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL TRIABLE ISSUES**

**Ms. Brandy Hayton**
**BY COUNSEL**

BY:

Daniel K. Armstrong (#11520)
Benjamin M. Sheridan (# 11296)
Mitchell Lee Klein (#2071)
*Counsel for Plaintiff*
Klein & Sheridan LC
Clyffeside Professional Building
3566 Teays Valley Rd
Hurricane, WV 25526
Phone: (304) 562-7111
Fax: (304) 562-7115
Email:  daniel@ksgwv.com

6

IN THE CIRCUIT COURT OF Wayne COUNTY, WEST VIRGINIA

PLAINTIFF,

CIVIL ACTION NO.

DEFENDANT.

## STIPULATION OF PLAINTIFF AND ATTORNEYS FOR PLAINTIFF

Plaintiff(s) and Attorneys for Plaintiff(s) agree to be bound by the following stipulation: so long as this case remains in West Virginia Circuit Court or an Article III Court, the Plaintiff shall neither seek nor accept an amount greater than $75,000.00 in this case, including any award of attorney's fees and equitable relief, but excluding interest and costs. This stipulation has no application, force, or enforceability in an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding.

_____
                                          Plaintiff

_____
                                          Plaintiff

Benjamin Sheridan (WV Bar #11296)  11570
Daniel K Hows Counsel for Plaintiff

STATE OF WEST VIRGINIA,
COUNTY OF _____Cabell_____, TO WIT:

The foregoing instrument was acknowledged before the undersigned authority by
Brandy Hayton on this the 14th day of January, 2016

_____
                          NOTARY PUBLIC

My commission expires:

August 3, 2017

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Shelly R. Estep
Nelson Mullins Riley & Scarborough LLP
Post Office Box 1856
Huntington, WV 25719
My Commission Expires Aug. 3, 2017

Page 1 of 1

| Civil Action Number | 16-C-25 |
| --- | --- |
| Package Identification Code | 92148901125134100000976056 |
| Signature Downloaded | 2/29/2016 6:03:37 AM   *Brendy Wayxan* |
| Defendant Name | MIDLAND FUNDING LLC |

FILED
CIRCUIT CLERK'S OFFICE
2016 FEB 29  PM 12: 56
WAYNE COUNTY, WV

 **UNITED STATES POSTAL SERVICE.**

SCANNED

Date Produced: 02/29/2016

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0000 9760 56. Our records indicate that this item was delivered on 02/24/2016 at 11:28 a.m. in CHARLESTON, WV 25302. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 97605